Good morning, Your Honors. May it please the Court, Sean Halbert, Assistant Federal Public Defender, on behalf of Appellant Stephen Radmall. I would like to begin by addressing the issue from the Court's recent order regarding the question of mootness. Our supplemental authorities, which were submitted pursuant to a Rule 28J letter, clearly established that a defendant's challenge to his sentence is not moot so long as he remains on supervised release. And the recent Tenth Circuit case of Castro Rocha is particularly instructive because the Court there noted that all circuits that have considered this issue have so held. Would the supervised release beginning date be recalculated if he were successful? It would not, Your Honor. What would happen is that the judge would have the ability to determine whether a lower term of supervised release was appropriate. But the Supreme Court has held that because imprisonment and supervised release serve different purposes, you cannot begin to run the supervised release date on a date when a person was in custody. So it might affect the supervised release total term if he were successful on appeal. It might, on rehab. That's correct. And on that note, or on that point, I should say, I would like to direct the Court's attention to the fact that the District Court, and this is an off-hander to this Court, but the District Court in this case did indicate at some point during the proceedings that it was likely to impose, or it had intended to impose the same term of supervised release regardless of whether the sentences on counts two and three were increased. And that is at our excerpts of record on page 301. However, I believe that the District Court's comments would not necessarily render, would not render this moot for two reasons. The first is the question of whether a case is moot by virtue of the fact that only a supervised release term remains. I suggest this Court should take a categorical approach. Otherwise, this Court would be in the position of constantly having to determine the likelihood of whether the District Court would change the term of supervised release. Secondly, though, as this Court has said in the Vernon case, the question of mootness really goes to whether the defendant appellant has a stake in the outcome of the litigation. In other words, cases in which the defendant does not really have a stake are considered moot. Here, Mr. Radmall does have a stake because if this Court were to determine that the sentence imposed on count two should not have been increased, then this Court would also be establishing that he had served a term of imprisonment in error. And that was a different position than the District Court was in, because the District Court determined that he had not served a higher portion of the sentence in error. Further, as the Supreme Court noted in Johnson, the District Court would have the authority to reduce the supervised term of release. And what the courts have said is that while the supervised release term cannot be deemed to have begun running while a person was in custody, it is clearly an equitable consideration that the court can consider in determining how long a person can be on supervised release, because supervised release is not only rehabilitative but imposes substantial burdens on a defendant. Counsel, let me ask you a question about another topic, unless one of my colleagues wishes to further question you on mootness. On whether the institution was FDIC insured, it looked to me as though there was no real evidence that it wasn't. You didn't have an affidavit from a person who worked at the institution and was in a position to have knowledge, just I think an affidavit from a public defender investigator or something like that, and it didn't look like they'd have personal knowledge. Is there some evidence in the record that it's not FDIC insured? There is not evidence in the record. Perhaps incorrectly, but I didn't believe it would be appropriate to bring new evidence to this Court's attention, since I do believe the Court can look at what the state of the evidence was at the time Mr. Radmel entered his plea. I'm not suggesting that there was any error by counsel. Okay. Thank you, Your Honor. So there is nothing in the record indicating that it was federally insured. I think that the Court can draw an inference from the fact that there is no such evidence in the record. Well, wait a minute. The way I remember those coming up in the district court is typically the government puts on somebody from the bank who says it's FDIC insured. Every now and then they forget, and then usually the judge reopens the evidence and lets them bring somebody over from the bank who testifies. But in a plea, it's not at issue, so there's no occasion for there to be any evidence. Well, that's true. But at the same time, what the parties did stipulate to was that the parent corporation was federally insured. If the actual corporation that Mr. Radmel was accused of defrauding had been federally insured, there would be no reason to then refer to the parent corporation. The parent corporation was not involved. It wasn't involved in the allegations. It was the subsidiary that was involved. So when Mr. Radmel pled, what he stipulated to was that the parent was federally insured. I think it's also significant that the government, in its response, does not make any proffer that the government believe that the subsidiary was federally insured. What it looks to be is that there was a mistake, an error made by all counsel, as to the requirement that the subsidiary have to be federally insured. And, Your Honor, if there's nothing further on that point, I just wanted to make one other point on the mootness issue, which is that I believe that this court has supervisory jurisdiction. The district court, what we're arguing is that the district court exceeded its authority on remand, and because the district court only had jurisdiction over this case in light of this court's remand, we believe that this court should be able to exercise control and review over what the district court did specifically. Wasn't it an unlimited remand? I believe it. I think it's ambiguous. The district court certainly interpreted it as such, but even if it were, this court has jurisdiction to review what the district court, we believe, incorrectly did on remand. And, furthermore, if there was no ‑‑ if a court cannot do anything once a sentence has been served, that would further support the defendant appellant's argument that the district court, similarly, couldn't increase the sentence or do anything to that sentence after it had been served. I don't get it. If he's got an open remand for resentencing without one of the counts, the judge thought the first time that based on relevant conduct, which is broader than counts of conviction, he deserved 42 months. It's right in the middle of the guideline range, and even without the vacated count, that's still his guideline range, and he gets 42 months. Well, there are two reasons why that's incorrect, why what the district court did was incorrect. The first is the district court could have but chose not to impose a 42‑month sentence on count two at the time of the original sentencing. Second, by increasing the sentence, that's a double jeopardy violation. And, third, I would add that at the point when the court decided that the 12‑month sentence was no longer appropriate, at that point there was no sentence. The sentence obviously had to be vacated before a new sentence could be imposed. At that point, Mr. Radmal's right to withdraw his plea based on a fair and just reason, that there is no evidence whatsoever that there was jurisdiction on count two, then that claim should have been considered. And that's what Mr. Radmal was willing to forego that claim on the assumption he would not be resentenced. But once the sentence was vacated and he was in the position of being someone who had not yet been sentenced, then the court had to examine whether there was fair and just reason, which the court did not do. Counsel, when did you raise the issue regarding the standard for withdrawal of a guilty plea? Your Honor, we raised it in the district court, but I will say that we raised it slightly differently. We said that the NAGRA standard didn't apply, but we did not specifically formulate it as having overruled previous cases. At what point in the proceedings did you raise it? We raised it in the district court. We argued that Motion for reconsideration? In your motion for reconsideration? Your Honor, I can check that. I have about a minute and a half left. I can check that. And when I come back, I will let him know. Before you sit down, would you answer when you come back, if you raised it in your motion for reconsideration, has it been waived? Thank you, Your Honor.  Thank you, counsel. Good morning, Your Honors. May it please the Court. My name is Miranda Cain, and I represent the United States in this cause of action. The United States disagrees with the defendant's characterization of his first argument as not being moot. In fact, the defendant's appeal of his resentencing is moot because the only remedy that the defendant now seeks from this Court is the reduction of the term of imprisonment that he has already served. The defendant in his reply brief specifically conceded that he was not challenging supervised release or the imposition of restitution. And that's at footnote 7 on page 17 of the appellant's reply brief. If that's the case and he is not challenging supervised release, then this Court need not consider the hypothetical actions of the district court upon remand. Let me ask you about something to make sure I understand it. He wants a reduction to 12 months of his sentence, but he's already served the 42 months. Is that right? That's correct. And according to the district court, why couldn't the district judge say, gosh, I'm not going to give you a five-year supervised release on a 12-month sentence. I'm going to reduce the supervised release to 36 months. That is theoretically possible, Your Honor. However, as I indicated, the defendant has conceded that he is not challenging his term of supervised release. In other words. Remand for resentencing? Yes, it would be remanded for resentencing, although here the case is not in the same posture as it was when this Court considered the issue in Verdan. In that case, this Court was speculating on what a district court would do on remand. Here there's no speculation because the district court, in fact, has resentenced Mr. Rademach consistent with its original sentencing intent, first imposing the 42-month term of imprisonment, and second reimposing the same five-year period of supervised release. If this Court now tells the district court that it was in error in imposing the additional 42-month sentence on count two, the notion that having had its original sentencing intent frustrated, it would now lessen the defendant's sentence additionally by imposing a different term of supervised release seems inherently unlikely. I agree with you. It's highly unlikely. But I think mootness is jurisdictional, and that's different, or at least I would think. Does mootness depend on a prediction of what's likely? I think mootness is a jurisdictional issue, Your Honor, and I think that in Verdan the Court had to engage in the exercise of predicting what was likely. I don't think the Court has to engage in that, or at least I don't think the prediction process is as attenuated as it was in Verdan because the Court has indicated what it wants to do here. And if this Court frustrates its intent with respect to the prison term, since supervised release or the maximum term of supervised release is based on the statutory maximum, there's no reason why that five-year period of supervised release won't continue. But again, I think the mootness comes because the defendant himself has conceded that he is not challenging his term of supervised release, so he's not seeking that relief from this Court. Likewise, Your Honor, with respect to the defendant's motion to withdraw his guilty plea, that issue is not properly before this Court because the district court lacked the jurisdiction to consider that issue when the motion to withdraw the guilty plea was made at the time of resentencing. The defendant is trying to couch this in terms of a pre-sentencing motion to withdraw because we were before the district court on remand for resentencing. But the fact that the sentencing package was unbundled did not, in fact, unbundle the convictions. And this Court's decision to vacate Count 1 did nothing to undermine the legitimacy of the convictions in Counts 2 and 3. According to Rule 32e, and here the government agrees with the defendant's characterization of that rule in its reply brief, that rule divides motions to withdraw pleas into just two groups, either you're making the motion pre-sentencing and then you consider it under a fair and unjust standard, or you're making it at a later time and the district court has no jurisdiction. And here the district court didn't have jurisdiction. And the government — There's no jurisdiction or just has a different standard to apply? No, Your Honor. The court absolutely just doesn't have jurisdiction under the plain reading of Rule 32e. It says, at any later time, a plea may be set aside only on direct appeal or by motion under 2255. And this court has held that in the Baker case. In that case, it was a post-sentence motion, the direct appeal was pending, and the district court erroneously ruled on the motion to withdraw the plea. Counsel, what's your best case authority to support your argument that once a sentence has been vacated, a motion to withdraw a guilty plea is precluded? What's your best case authority for that proposition? Your Honor, there's no case authority exactly on point. I think it goes to the policy considerations behind Rule 32e, and those are set out very clearly in the advisory notes and have been commented on by the Supreme Court and recently in the Vaughn case in another context. The court recognizes that the finality of judgments is a very important consideration in making sure that defendants are not just using the plea process to test out or to preview what a sentencing judge is going to do. And in the Vaughn case, the court recognized that Rule 32e creates a near presumption against granting motions to withdraw filed after sentencing, and that's intended as an act as an incentive to think through a guilty plea before a sentence is imposed. Counsel, once the sentence has been vacated, do those same policy considerations apply? I think they do, Your Honor, because here this defendant had ample opportunity to withdraw his plea at various stages in the proceedings, including at the time of his sentencing in 1997. Perhaps he only thought to withdraw his guilty plea after it was determined that the first sentence was improper. Well, Your Honor, the defendant acknowledges in his own brief and in the declaration that was never executed but was filed as a part of a motion in the district court that the issues that he was concerned about predate even his original sentencing. Back in 1997, he allegedly had concerns about the FDIC insurance, and he allegedly had concerns about the evidence of his perjury count. If the defendant, for strategic reasons, maybe because he liked his 42-month sentence at the time because he was actually facing a far greater sentence of 78 months, chose not to move to withdraw his plea and again chose not to move to withdraw his plea on direct appeal and again chose not to move to withdraw his plea on a 2255 motion, the fact that he's before the district court again simply for a resentencing issue should not allow him to have another bite of the apple because he's unhappy with his sentence. And this Court has recognized that in the King case, that just being unhappy with your sentence does not create, in that case it was considered under the manifest injustice standard, does not create a manifest injustice. And here there's no question that that's what's going on. The defendant has always couched his request to withdraw his plea in the alternative. In other words, if this Court or if the district court would have sentenced the defendant to the 12 months on Count 2, he had no interest in withdrawing his guilty plea. The same is true here before this Court. The defendant is seeking alternative remedies. He's asking this Court to remand to the district court with instructions to only sentence to 12 months or if that doesn't work, then he wants to withdraw his guilty plea. And that's exactly what is not supposed to happen. So the fact that the defendant did not raise these issues at the proper time, he should not be allowed now to go back and reassert the same claim simply because he is unhappy with the sentence that he received. When you apply the manifest injustice standard, that's after sentence, basically. It does end up being after sentence, Your Honor, because on direct appeal it's a manifest injustice standard, as this Court has held, and this Court has noted that the manifest injustice standard is almost identical to the 2255 standard. So you're saying, would you say then that the manifest injustice can only be applied in a 2255? No, it could be applied on direct appeal, and that's happened several times in this Court. That happened in the Baker case and it happened in the King case where in that procedural posture the defendant had moved to withdraw while the direct appeal was pending. So while the district court did not have proper jurisdiction to consider the motion to withdraw, this Court did on direct appeal. Well, it's still on direct appeal here, isn't it? Your Honor, it is on direct appeal here, but I don't think it's properly before this Court because the defendant did not raise it in the proper context. In other words, he did not fashion his motion to withdraw plea as a 2255 motion before the district court. He was trying to make a motion to withdraw pursuant to Rule 32E, and Rule 32E says that that did not apply to him at that time because that was 2002, and he was sentenced in 1997, Your Honor, and that is a time when he had the opportunity to have his claims reviewed on a fair and unjust standard. Counsel, do you recall at what point procedurally the motion to withdraw was filed? Do you recall? It was filed. The first claim that the defendant made is that this Court should not be allowed to resentence at all under due process. And how was that pleading styled? It was first styled as opposition to resentencing, and then there was a further briefing in which the defendant filed an opposition to resentencing and the alternative, a motion to withdraw a guilty plea. I see that I'm out of time. Thank you very much. Thank you, Counsel. Counsel. Your Honors, Mr. Radmal was not – was sentenced in 1997, but he was also sentenced in 2002, and the language of Rule 32E makes it clear that the standard is fair and just. Judge Rawlinson, I wanted to return to the Court's question. On page 216 of the excerpts of record, in defendant's opposition to resentencing or in the alternative motion, to withdraw a guilty plea, the defense argued that Rule 32E was applicable and that the standard should be a fair and just reason. And then again in our reply, in response to the government's brief, and this is on page 274 of the excerpts of record, we argued that the NAGRA case for manifest injustice did not apply and was inapposite. The argument I was recalling that was slightly different on appeal was that in response to the government, we discussed Ruiz and whether Ruiz overruled NAGRA. So we did argue it was inapposite, but as to the legal question of whether it had been overruled, that was a new argument. I also wanted to just briefly address the issue of why Mr. Radmal did what he did and when he did it. He did not believe that he had a basis to withdraw his plea to Counts 2 and 3 until the Court indicated that it was going to increase the sentence on those counts. At that point, he believed that he was in the same position he had been prior to being sentenced originally. In other words, if the Court had not resentenced him, the fair and just standard would not have applied. And he did not originally appeal Counts 2 and 3 because he had completed his sentence. And so it was only when the judge, when the district court in his original habeas said that his appeal of Count 1 didn't matter because of his conviction of Counts 2 and 3 that he explained why he did not appeal that. And, Your Honor, the final thing I would say is there is no case of which I am aware where a defendant can be resentenced unless he has either not completed service of his sentence or unless the district court was previously legally prescribed from imposing a higher sentence on a remaining count. I don't believe there is any case directly on point for the government. Thank you, counsel. United States v. Radmal is submitted.
judges: Canby, Kleinfeld, Rawlinson